**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

Case No. 09-20549

v.

HONORABLE DENISE PAGE HOOD

DETRIC LAMONT DRIVER (D-6), a/k/a
Abdullah Beard,

    Defendant.

_____/

**ORDER REGARDING DEFENDANT DETRIC DRIVER'S**
**THIRD MOTION TO REVOKE THE DETENTION ORDER**

**I.    BACKGROUND**

On October 27, 2009, a Complaint was filed under seal as to Defendant Detric Lamont Driver a/k/a Abdullah Beard. Defendant Driver appeared on the Complaint on October 28, 2009 and was ordered temporarily detained until a detention hearing set for October 29, 2009. At the conclusion of the detention hearing Defendant Driver was ordered detained pending trial by the Magistrate Judge.

On November 10, 2009, an Indictment was filed against Defendant Driver alleging Conspiracy to Commit Federal Crimes, 18 U.S.C. § 371. On November 12, 2009, Defendant Driver was arraigned on the Indictment and the detention order was continued by the Magistrate Judge. Defendant Driver filed an appeal of the detention order on November 13, 2009. After a hearing on the matter, the Court entered an order on November 19, 2009 affirming the Magistrate Judge's Order of Detention and denying Defendant Driver's Motion to Revoke Detention Order.

On November 20, 2009, Defendant Driver filed a Motion for Reconsideration/Rehearing on the Order denying his Motion to Revoke Detention Order. The Court denied Defendant Driver's

Motion for Reconsideration on January 5, 2010.

On July 12, 2010, Defendant Driver filed the instant third Motion for Revocation of Detention Order. Responses, replies and supplemental briefs have been filed. A hearing was held on the matter and post-hearing briefs were filed. The Court also requested an updated report from Pretrial Services.

## II.     ANALYSIS

Given that the Court has previously entered two orders regarding detention in this matter, the Court considers the instant motion as another motion for reconsideration. The Local Rules of the Eastern District of Michigan provide that any motion for reconsideration shall be served not later than fourteen days after entry of such order. E.D. Mich. LR 7.1(g)(1). No response to the motion and no oral argument thereon shall be allowed unless the Court, after filing the motion, otherwise directs. E.D. Mich. LR 7.1(g)(2). Local Rule 7.1.(g) further states:

> (3) **Grounds.** Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(g)(3).

The Court may review the Magistrate Judge's order detaining a defendant. 18 U.S.C. § 3145(b). A review of a Magistrate Judge's detention order is a *de novo* hearing. *U.S. v. Jones*, 804 F.Supp. 1081 (S.D. Ind. 1992); *U.S. v. Delker*, 757 F.2d 1390, 1394 (3d Cir. 1985). The district court must order detention if, after a hearing, it concludes "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community . . . ." 18 U.S.C. § 3142(e). The Government has the ultimate

burden of proof by clear and convincing evidence that the defendant presents a danger to the community and that no condition or combination of conditions could reasonably assure the safety of the defendant or of other persons and the community. *United States* v. *Hazime*, 762 F.2d 34, 37 (6th Cir. 1985). The district court must make findings based on the following factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger posed by the person's release. 18 U.S.C. § 3142(g). This is not a rebuttable presumption case under § 3142(f)(1).

Since the Court's January 5, 2010 Order regarding Defendant's detention, Defendant now claims the Court should re-examine the Magistrate Judge's October 29, 2009 Order detaining Defendant Driver based partly on newly-discovered evidence. The Court has already reviewed the Magistrate Judge's order under the *de novo* standard. The instant motion, is a motion for reconsideration of the Court's prior orders, therefore the Court's review of its own orders are governed by LR 7.1(g)(3), not the *de novo* review as argued by Defendant Driver.

Defendant Driver argues that the Government failed to show that Defendant Driver was a danger to the community. The Magistrate Judge relied on a December 1, 2008 conversation between the informant and Defendant Driver. Defendant Driver now claims that based on later conversations between Defendant Driver and the informant, Defendant Driver did not have an interest in committing the robbery discussed on December 1, 2008. As previously argued by the Government, it cannot attest whether Defendant Driver has committed or not any robberies since December 1, 2008. Subsequent conversations do not establish that Defendant Driver is not a danger to others, given his statements on December 1, 2008, wherein he verbalized a plan about robbing others. The

3

Government argues that his statements relied upon by the Magistrate Judge show that Defendant Driver gave the robbery far more than a passing thought.

Defendant Driver also argues that he does not pose a serious risk of flight. Contrary to the Government's assertions, Defendant Driver claims he did not attempt to flee when he was arrested, based on defense counsel's review of the video showing the arrest. The Government claims the video is brief. It is the Government's position that Defendant Driver took flight before he was arrested but when he realized he had no chance to escape, he wisely surrendered. The Government remains willing to offer the testimony of Special Agent Gary Leone and Theodore Peisig to testify regarding the arrest and to put the video in context.

The issue of potential sentencing was raised by Defendant Driver. He claims that it appears the guideline range is lower than previously expected at 15-21 months. Defendant Driver asserts that because he had no role in selecting the number of cigarettes and televisions involved in the thefts charged and he was merely a laborer moving boxes from a truck to a warehouse, his guideline range would be lower. The Government argues that the entire value of the goods involved in the transactions is over $1,051,804. The Government claims Defendant Driver is being charged with conspiracy and his estimation of the guideline range is wrong. Because Defendant Driver's charge carries a five-year statutory maximum, the Government claims his base offense level is six and that he is currently facing 41 to 51 months. In any event, the Government argues that a potential sentence is not a factor in determining bond. The only issues to be determined are risk of flight and danger to others, which the Court has addressed on two previous occasions.

Defendant Driver claims there are least intrusive means of assuring his appearance, including a GPS tracking device. Defendant Driver also claims there has been delay in this case, to which he

has objected.

The danger to others factor has not changed, however, the risk of flight factor is not strongly supported. The Court reviewed the video which depicts Defendant Driver and others, scattering and taking cover in response to what sounded like shots being fired as the police entered the warehouse in full "riot"-like gear (helmets, shields, etc.). It is not clear that Defendant Driver is attempting to flee, escape or hide, as opposed to taking cover. The video does not strongly support a risk of flight.

Defendant is a lifelong resident of Detroit, self-employed as a carpenter. He has a wife, two children and could be tethered at the address where his wife resides. The guideline range–whichever is correct--is not a factor in determining danger to others or risk of flight. Although the evidence shows that Defendant Driver has not been truthful about his place of residence, a GPS tracking device could be set up at his wife's address. It is noted that Defendant Driver has failed to appear at court appearances in the past. Should Defendant Driver fail to appear before this Court at any required appearances, his bond will be revoked.

Defendant Driver objected to the delay in this case. The Court notes that Defendant Driver's counsel has acknowledged the voluminous records in this case based on the various status conferences before the Court regarding how the parties should review the records. Defendants in this case, including Defendant Driver, have also filed various motions. The filing of motions stops the speedy trial clock. Defendant Driver has shown that this Court's findings on the flight of risk issue was based on palpable defect, in light of the video which was not made available to the Court previously and further arguments by defense counsel. The Court finds a less intrusive bond will secure the appearance of Defendant Driver and protect the public. Defendant Driver may be released after Pretrial Services completes the required installation of a GPS system.

Accordingly,

IT IS ORDERED that Defendant Driver's Motion for Revocation of Detention Order (**No. 157, 7/12/2010**) is GRANTED. The Order of Detention is SET ASIDE.

IT IS FURTHER ORDERED that Defendant Driver is placed on a $100,000.00 unsecured bond.

IT IS FURTHER ORDERED that Defendant Driver abide by the conditions set forth by the Court in this Order and any other Order Setting Conditions of Release.

IT IS FURTHER ORDERED that Defendant Driver report to Pretrial Services as directed, at least weekly.

IT IS FURTHER ORDERED that Defendant Driver is restricted to travel within the tri-County area of Wayne, Oakland, and Macomb.

IT IS FURTHER ORDERED that Defendant Driver surrender his passport, if any, to his counsel or Pretrial Services, or if none, not seek to apply for a passport.

IT IS FURTHER ORDERED that Defendant Driver not be in contact nor encourage contact through another person with any other co-Defendant or witnesses in this case, other than through his counsel.

IT IS FURTHER ORDERED that Defendant Driver not possess any weapons or ammunition or any other para-military items and no such items must be in the home where he will be residing.

IT IS FURTHER ORDERED that Defendant Driver from possessing any illegal drugs.

IT IS FURTHER ORDERED that Defendant Driver be subject to GPS electronic monitoring and that he abide by a curfew to be set by Pretrial Services, which would allow him to work, pray or attend worship services at designated times and go to health-related appointments, only.

IT IS FURTHER ORDERED that Defendant Driver refrain from visiting the Masjid Al-Haqq mosque, but may attend any other mosque.

IT IS FURTHER ORDERED that Defendant Driver is prohibited from engaging in any individual or group defensive training.

                                                s/DENISE PAGE HOOD
                                                DENISE PAGE HOOD
                                                United States District Judge

DATED: January 25, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 25, 2011, by electronic and/or ordinary mail.

                                                s/Shawntel Jackson
                                                Interim Case Manager