UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

Case No. 09-20549

v.

HONORABLE DENISE PAGE HOOD

DETRIC LAMONT DRIVER (D-6), a/k/a
Abdullah Beard,

    Defendant.

_____/

**ORDER REGARDING VARIOUS MOTIONS**

**I.    BACKGROUND**

Defendant Detric Lamont Driver ("Driver") a/k/a Abdullah Beard, is charged in Count I of the Indictment with conspiracy to commit federal crimes, in violation of 18 U.S.C. § 371. The object of the conspiracy was to violate 18 U.S.C. § 2315 "by knowingly receiving, possessing, concealing, bartering, selling and disposing of goods, wares and merchandise valued at $5,000 or more that they believed had been stolen, unlawfully converted, and thereafter transported across a State boundary into the State of Michigan." (Indictment, ¶ 3) Out of the eleven transactions identified by the Government, Driver is alleged to be personally involved in five:

    1.    On December 4, 2008, the first ITSP transaction, Driver assisted co-conspirators Luqman Abdullah, Mohammad Abdul Bassir and Adam Hussain Ibrahim in stealing generators valued at $14,406 that had been transported in interstate commerce.

    2.    On January 14, 2009, Driver assisted co-conspirators Luqman Abdullah, Mohammad Abdul Bassir and Adam Hussain Ibraheem in the theft of energy drinks with a retail value of $21,727 that had been shipped in interstate commerce.

    3.    On February 12, 2009, Luqman Abdullah traveled with another person to Chicago to obtain stolen furs with an appraised value of $51,595 in Chicago, Illinois and brought

them back to Michigan and Driver assisted co-conspirators
　　　　　　Luqman Abdullah and Mujahid Carswell in their efforts to
　　　　　　sell the furs in the Detroit area.
　　4.　　On July 24, 2009, Driver assisted co-conspirators Luqman
　　　　　　Abdullah, Muhammad Abdul Salaam and Abdul Saboor in
　　　　　　the theft from an interstate shipment of 7,320 cartons of
　　　　　　cigarettes with a retail value of $402,600.
　　5.　　On October 28, 2009, Driver assisted co-conspirators Luqman
　　　　　　Abdullah, Muhammad Abdul Salaam, Abdul Saboor and Acie
　　　　　　Pusha in attempting to steal 303 television sets with a retail
　　　　　　value of $454,500 that been shipped in interstate commerce.

Driver has now filed several motions. Many of the discovery motions are interrelated. The Government has responded to the motions and a hearing was held on the matter.

## II.　ANALYSIS

### A.　Discovery Related Motions

#### 1.　Motion for Specified Discovery (183, 10/12/10)

Driver seeks specific discovery: 1) where the tv sets originated from/store location/vendor; 2) how many TVs were involved; 3) vendor and date as to the vitamin drinks; and, 4) store location and vendor from which cigarettes came from. Driver claims he needs the information to determine whether the goods traveled in interstate commerce.

In response, the Government indicates that this was a "sting" operation, therefore, whether the merchandise actually crossed state lines or whether they were actually stolen, are of no moment. The Government argues that Driver is incorrect that the true nature and source of the property controls in a "sting" operation. The Government further argues that Driver is charged with conspiracy to commit federal crimes under 18 U.S.C. § 371, not the substantive crime of Theft from Interstate Shipment, 18 U.S.C. § 2315. The focus then is Driver's agreement with the goal of the conspiracy to commit theft from interstate shipment.

The Sixth Circuit in *United States v. Yang,* 281 F.3d 534, 541-44 (6th Cir. 2002) stressed the difference between the substantive crime to steal trade secrets and conspiracy, stating, "[i]t is the mutual understanding or agreement itself that is criminal, and whether the object of the scheme actually is, as the parties believe it to be, unlawful is irrelevant." *Id.* 18 U.S.C. § 21 states that if an element of the offense is that property was embezzled, robbed or stolen and a defendant knew that the property was of such character, such element may be established by proof that the defendant, "after or as a result of an official representation as to the nature of the property, believed the property to be embezzled, robbed, stolen, ..." "Official representation" is defined as representation made by a Federal law enforcement officer ... or by another person at the direction of with the approval of such an officer." 18 U.S.C. § 21.

Given that Driver is charged with conspiracy and not the substantive crime of Theft of Interstate Shipment, 18 U.S.C. § 2315, it appears that whether the goods actually traveled in interstate commerce is not at issue. Driver's request for specific evidence is not required since it is Driver's belief or understanding as to the nature of the goods and his agreement to commit the conspiracy is an element of the conspiracy crime charged as to Driver. Defendant Driver's motion is denied.

### 2. Motion to Require the Government to Produce Witness and Exhibit Lists (184, 10/12/10)

Driver seeks an exhibit and witness list substantially in advance of trial so that his counsel will be able to bring in limine motions to exclude numerous tape recordings and physical evidence. Driver claims he will be prejudiced when hundreds of hours of tape recordings and many physical evidence, such as guns, ammunition, bullet proof vests, and knives will be presented. Driver claims that many of the tape recordings which do not contain Driver's voice, contain political comments,

3

racial comments and religious comments which are highly prejudicial to Driver.

The Government responds that the evidence to be submitted in the Government's case-in-chief will depend on many things, such as the identity of the defendants who will proceed to trial and the nature of the defense. The Government does not expect to offer any evidence of the violent and criminal nature of the group, unless Defendants open the door at trial. The Government asserts that at this time it cannot draft or provide accurate witness or exhibit lists. The Government notes that it does not have to provide witness and exhibit lists prior to trial. The Government indicates it will provide the lists at the appropriate time.

The District's Standing Order for Discovery and Inspection states that each party shall file directly with the judge the day before trial, but not to the opposite party, a witness list. (Standing Order, ¶ 9) The proposed exhibit list must be submitted to the Court three days prior to trial. (Standing Order, ¶ 5) The Government is not required to reveal before the trial the names and addresses or a list of Government witnesses prior to trial. *See United States v. Davis,* 306 F.3d 398, 420 (6th Cir. 2002). Driver's Motion to Require the Government to Produce in advance witness and exhibit lists is denied without prejudice.

### 3. Motion for Disclosure of Impeaching Information (185, 10/12/10)

Driver seeks disclosure of impeaching information, such as felony convictions, juvenile adjudications, prior misconduct and bad acts, promises or consideration of each witness to be called by the Government, or who testified before the grand jury or who furnished statements to the Government.

The Government claims it has provided Rule 16 and *Brady* materials to Driver and the other Defendants. The grand jury transcripts of the case agent, the only *Jencks* material that exists, has

been provided. The Government understands its ongoing obligations to provide discovery but notes that it has provided all of the discovery at this date.

As to *Brady v. Maryland,* 373 U.S. 83 (1963) materials, the case requires disclosure of exculpatory information in its possession. Based on the Government's representations, it appears it has done so to date. Regarding *Giglio v. United States,* 405 U.S. 150 (1972) materials, the Government must disclose evidence affecting the credibility of a witness but there is no general right of pre-trial discovery of impeachment evidence. See *United States v. Presser*, 844 F.2d 1275, 1283 (6th Cir. 1988).

The Government has already provided exculpatory evidence and *Jencks* materials. *Giglio* information may be made available within five days of trial. Driver's Motion for Disclosure of Impeaching Information is moot as to exculpatory evidence and granted as to early discovery of *Giglio* materials.

**4. Motion for Disclosure Pursuant to Rules 404(b) and 609 of the Federal Rules of Evidence (186, 10/12/10)**

Driver seeks early disclosure of prior bad acts material under Rule 404(b) and 609 of the Rules of Evidence the Government has in its possession as to Driver. Defendant also seeks evidence regarding the prior or subsequent bad acts of co-conspirators.

The Government responds it has given the appropriate notices to Driver under Rule 404(b). As to Rule 609 materials, the Government is aware that Driver has a felony conviction which was later expunged under the Youthful Trainee Act. The Government claims if Driver elects to testify and represents he had not had contact with the criminal justice system, the Government will introduce the conviction at trial. Otherwise, the Government will not present such evidence.

Driver's Motion for Disclosure pursuant to Rule 404(b) is moot and Rule 609 is denied

5

without prejudice.

      **5.     Notice of Joinder in Specified Motion of Defendant Raqib's Motion for Disclosure and Production of Informants (187, 10/12/10)**

Driver joined in the motion filed by Defendant Raqib for Disclosure and Production of Informants. Defendant Raqib has since entered a plea of guilty in this matter. The Government responds that Driver previously joined in Raqib's motion when it was filed. The Government claims, as it did before, it will provide the appropriate information to the defense if any of its witnesses will be called at trial. The Government need not provide a witness list prior to trial. Driver's Joinder of Raqib's Motion for Disclosure and Production of Informants is denied. (Standing Order, ¶ 9)

      **6.     Motion for Government Agents to Turn Over Rough Notes to Defense for Review or, in the alternative, to Turn Over to Court for In Camera Inspection and Disclosure to Defense (189, 10/12/10)**

Driver seeks the Government agents to turn over rough notes to the defense or to the Court for an in camera inspection under the *Brady* case and the Jencks Act, 18 U.S.C. § 3500.

In response, the Government claims it has produced the discovery to Driver. The Government claims Driver already has the FBI 302 of Driver's interview. The Government also claims it will give a copy of the rough notes to the agents prior to trial, which were retained.

There is no requirement for a Court to review the notes in camera. The Jencks Act, 18 U.S.C. § 3500, states that any statement or report in the possession of the Government made by a Government witness or prospective Government witness need not be subjected to subpoena or discovery or inspection until the witness has testified on direct examination at trial. Witness statements as defined under § 3500(e) includes: 1) written statements made by the witness and signed or otherwise adopted or approved by the witness; 2) contemporaneous and substantially

verbatim electronic recordings; and 3) grand jury transcripts. Interview notes of an investigating agent are not Jencks Act material unless the witness adopts the report by signing it, reading it, or having it read to him. *United States v. Nathan,* 816 F.2d 230, 237 (6th Cir. 1987). The court has no general supervisory power to order the production of those records prior to the witness testifying. *United States v. Algie,* 667 F.2d 569 (6th Cir. 1982). The Sixth Circuit has held that there is no requirement that Jencks material be distributed prior to the trial. *United States v. Presser*, 844 F.2d 1275 (6th Cir. 1988). Driver's motion is denied, however any rough notes retained must be brought to trial.

> **7.      Motion to Compel Early Pre-Trial Disclosure of Brady and Jencks Materials (193, 10/12/10)**

In a related motion, Driver seeks early disclosure of *Brady* and Jencks materials. For the reasons set forth above, it appears the Government has provided the discovery to Driver and that prior to trial, the Government will provide the appropriate witness list and discovery noted above. Driver's motion is denied.

> **B.      Motion for Severance (190, 10/12/10)**

Driver seeks to sever his trial from the other Defendants and from the other counts, given that he is only charged in Count I. Driver claims he will suffer substantial prejudice if he is tried with the other Defendants and the other counts. In response, the Government claims that many of the Defendants may have pled before the trial date. It is premature to determine whether severance is required at this time. Even if there are remaining Defendants, the Government argues that since the charge is conspiracy, Driver must be tried with the other Defendants also charged with conspiracy.

Fed.R.Crim.P. 14(a) provides, "if the joinder of offenses or defendants in an indictment, ..., appears to prejudice a defendant or the government, the court may order separate trials of counts,

sever the defendants' trials, or provide any other relief that justice requires." There is a preference in the federal system for joint trials of defendants who are indicted together because it promotes efficiency and serves the interests of justice by avoiding inconsistent verdicts. *Zafiro v. United States,* 506 U.S. 534, 537 (1993). The rules are liberally construed in favor of joinder and it is presumed that the jury is capable of sorting out evidence and considering the case of each defendant separately. *United States v. Harris,* 9 F.3d 493, 501 (6th Cir. 1993); *United States v. Darden,* 70 F.3d 1507, 1526 (8th Cir. 1995). The party seeking severance "has a heavy burden of showing specific and compelling prejudice." *Harris,* 9 F.3d at 500. Defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials. *Zafiro,* 506 U.S. at 540.

Given that Driver is charged with conspiracy, Driver has not carried his heavy burden that severance is required. There is only one defendant, other than Driver, who is proceeding to trial at this time. Driver's motion is denied.

### C. Motion in Limine to Preclude Government from Arguing Luqman Abdullah was Justifiably Shot (191, 10/12/10)

Driver seeks to preclude the Government from arguing or presenting evidence that the shooting of Luqman Abdullah was justifiable. Driver admits that the fact that Abdullah was shot and killed at the warehouse will probably be presented at trial. However, Driver claims the Government should not be able to argue that the shooting was justifiable.

In response, the Government has in previous hearings indicated that the death of Abdullah is not relevant and will not be presented by the Government. The Government will introduce evidence that Abdullah was working with the other Defendants offloading items but nothing regarding Abdullah's death. However, it appears that Driver will attempt to introduce evidence regarding the circumstances of his death. If so, the Government will introduce evidence to rebut any

8

allegations by Driver as to the circumstances of Abdullah's death. At oral argument, counsel indicated that neither side will present evidence of the circumstances of Abdullah's death. This motion is denied without prejudice.

> **D.  Motion to Dismiss Indictment Alleging One Conspiracy Which in Fact Charges Multiple Conspiracies (192, 10/12/10)**

Driver seeks to dismiss the Indictment alleging one conspiracy because the Indictment alleges multiple conspiracies, citing *Kotteakos v. United States,* 328 U.S. 750 (1946). Driver claims he is named in four of the eleven transactions alleged by the Government. Driver argues that the other transactions are separate conspiracies and the Indictment must be dismissed because it alleges multiple conspiracies. Driver asserts he is prejudiced because of the other conspiracies involved and also because of the separate gun offenses against the other Defendants.

The Government responds that the Indictment alleges only one conspiracy and is properly pled. In any event, the remedy for multiplicitousness is not dismissal but rather specific jury instructions and a special verdict form.

Duplicity is the joining of two or more separate offenses into a single count of the indictment. *United States v. Shumpert Hood,* 210 F.3d 660, 662 (6th Cir. 2000). Failure to adequately advise the defendant of the charges, prejudicial evidentiary rulings, inability to plead prior convictions or acquittals and non-unanimous verdicts are harms from having a duplicitous count. The allegation in a single count of conspiracy of an agreement to commit several crimes is not duplicitous, as conspiracy is itself the crime. *United States v. Dale,* 168 F.3d 429, 432-42 (6th Cir. 1999).

In this case, the charge is conspiracy. The other counts are not duplicitous since they are separately charged in a separate count. The Indictment is properly pled as to the conspiracy count.

9

Driver's motion is denied.

E.  **Motion Requesting Submission of Written Voir Dire Questions to Jury Panel and Individual Voir Dire of Jurors (194, 10/12/10)**

Driver seeks to submit written voir dire questions to the jury panel prior to trial. Driver claims that because of explosive aspects in the case with respect to race, racial prejudice, religion and politics, the written questions are appropriate. Driver submitted his proposed written voir dire questions, along with individual voir dire questions to the jurors.

The Government asserts that there is no need for written voir dire questions or individual voir questions because the questions proposed are the same questions the Court asks the jurors during voir dire at trial. Although there has been significant publicity in the case, the trial is not scheduled until March 15, 2011 and so the jury venire should not be necessarily affected by that time. The Government claims that Questions 59 and 60 are inappropriate since these questions re-kindle pretrial publicity.

A review of the proposed questions shows that many questions are the questions the Court uses during voir dire. Advance voir dire questions do not appear to be necessary in this case. The Court denies the motion without prejudice.

F.  **Motion for Pretrial Disclosure and Hearing Regarding the Admissibility of Co-Conspirator Statements (207, 10/18/10)**

Driver seeks pretrial disclosure and a hearing regarding the admissibility of co-conspirator's statements under Rule 801(d)(2)(E). Driver cites *United States v. Vinson,* 606 F.2d 149 (6th Cir. 1979). In response, the Government claims Driver is seeking a mini-trial prior to the trial to determine the admissibility of co-conspirator statements which would be time consuming, inefficient

and inappropriate in this case. The Government claims that one of the approaches should be to conditionally admit the co-conspirator statement as noted in the *Vinson* case. The threat of prejudice to Driver is minimal. The conspiracy need only be shown by a preponderance of the evidence. There is no requirement to have a mini-trial regarding the co-conspirator statements.

It appears that the general practice is to conditionally allow the admission of co-conspirator statements to prove the charged conspiracy. *See United States v. Moss,* 9 F.3d 543, 549 (6th Cir. 1993). Driver has not shown that he would be prejudiced by this option, given that co-conspirator statements are generally admitted under Rule 801(d). Driver's Motion is denied without prejudice.

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Driver's Motion for Specified Discovery **(No. 183, 10/12/2010)** is DENIED.

IT IS FURTHER ORDERED that Driver's Motion to Require the Government to Produce Witness and Exhibit Lists **(No. 184, 10/12/2010)** is DENIED without prejudice.

IT IS FURTHER ORDERED that Driver's Motion for Disclosure of Impeaching Information **(No. 185, 10/12/2010)** is MOOT as to exculpatory evidence and GRANTED as to *Giglio* materials.

IT IS FURTHER ORDERED that Driver's Motion for Disclosure Pursuant to Rules 404(b) and 609 **(No. 186, 10/12/2010)** is MOOT as to Rule 404(b) and DENIED without prejudice as to Rule 609.

IT IS FURTHER ORDERED that Driver's Joinder in the Specified Motion for Disclosure and Production of Informants filed by Defendant Ali Abdul Raqib **(No. 187, 10/12/2010)** is DENIED.

IT IS FURTHER ORDERED that Driver's Motion for Government Agents to Turn Over Rough Notes to Defense for Review, or, in the alternative, to Turn Over to Court for In Camera Inspection and Disclosure to the Defense **(No. 189, filed 10/12/2010)** is DENIED. The rough Notes must be brought to trial.

IT IS FURTHER ORDERED that Driver's Motion to Compel Early Pre-Trial Disclosure of *Brady* and *Jencks* Materials **(No. 193, filed 10/12/2010)** is DENIED.

IT IS FURTHER ORDERED that Driver's Motion for Severance **(No. 190, filed 10/12/2010)** is DENIED.

IT IS FURTHER ORDERED that Driver's Motion in Limine to Preclude Government from Arguing Luqman Abdullah was Justifiably Shot **(No. 191, filed 10/12/2010)** is DENIED without prejudice, given the parties' agreement not to raise the issue at trial.

IT IS FURTHER ORDERED that Driver's Motion to Dismiss the Indictment Alleging One Conspiracy Which in Fact Charges Multiple Conspiracies **(No. 192, filed 10/12/2010)** is DENIED.

IT IS FURTHER ORDERED that Driver's Motion Requesting Submission of Written Voir Dire Questions to Jury Panel and Individual Voir Dire of Jurors **(No. 194, 10/12/2010)** is DENIED without prejudice.

IT IS FURTHER ORDERED that Driver's Motion for Pretrial Disclosure and Hearing Regarding the Admissibility of Co-Conspirator's Statements **(No. 207, 10/18/2010)** is DENIED without prejudice.

s/Denise Page Hood
Denise Page Hood
UNITED STATES DISTRICT JUDGE

Dated: February 25, 2011

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, February 25, 2011, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry<br>
Relief Case Manager, (313) 234-5165