

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br>-vs-<br><br>D-6, DETRIC LAMONT DRIVER<br>(aka Abdullah Beard),<br><br>        Defendant.<br>_____/ | No. 2:09-CR-20549<br><br>Honorable Denise Page Hood<br><br>**OFFENSE:**<br><br>**18 U.S.C. § 371**: Conspiracy to Commit Federal Crimes<br><br>**Maximum penalty**:<br>5 years in custody<br>3 years supervised release<br>$250,000 fine |

### RULE 11 PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant DETRIC LAMONT DRIVER (AKA ABDULLAH BEARD) and the government agree as follows:

**1.    GUILTY PLEA**

    **A.    Count of Conviction:**    Defendant will enter a plea of guilty to **Count 1** of the Indictment, which charges him with Conspiracy to Commit Federal Crimes, in violation of 18 U.S.C. § 371.



GOVERNMENT EXHIBIT 6

**B. Elements of Offense in Count 1:** The elements of conspiracy to commit federal crimes are:

Two or more people conspired and agreed to violate the laws of the United States;

Defendant voluntarily joined that conspiracy;

One of the co-conspirators performed at least one overt act in furtherance of the illegal goal of the conspiracy.

**C. Factual Basis for Count 1:** The following facts are a sufficient and accurate basis for defendant's guilty plea to Count 1:

From November 2008, through October 28, 2009, **Defendant Detric Driver (D-6)** conspired and agreed with Luqman Abdullah, Mohammad Abdul Bassir (D-2), Muhammad Abdul Salaam (D-3), Abdul Saboor (D-4), Adam Hussain Ibraheem (D-9), Ali Abdul Raqib (D-11), and others to violate 18 U.S.C. § 2315, by knowingly receiving, possessing, concealing, bartering, selling and disposing of goods, wares, and merchandise valued at approximately $895,000 that Defendant Driver and the others believed had been stolen, unlawfully converted, and thereafter transported across a State boundary into the State of Michigan:

On December 4, 2008, **Detric Driver (D-6)**, Mohammad Abdul Bassir (D-2), and Adam Hussain Ibraheem (D-9) participated in moving pallets of generators valued at approximately $14,406 that they believed had been stolen and shipped into Michigan, in order to facilitate their concealment and re-sale.

Ibraheem, Bassir, and Driver accepted payment for their assistance. Luqman Abdullah received $500, which was 20% of the total fee paid to the participants in this overt act of the conspiracy.

On January 14, 2009, **Detric Driver (D-6)**, Mohammad Abdul Bassir (D-2), and Adam Hussain Ibraheem (D-9) participated in moving pallets of energy drinks valued at approximately $21,727 that they believed had been stolen and shipped into Michigan, in order to facilitate their concealment and re-sale. Ibraheem, Bassir, and Driver accepted payment for their assistance. Luqman Abdullah received $300, which was 20% of the total fee paid to the participants in this overt act of the conspiracy.

On July 24, 2009, **Detric Driver (D-6)**, Muhammad Abdul Salaam (D-3), and Abdul Saboor (D-4) participated in the concealment of thousands of cartons of cigarettes valued at approximately $402,600 that they believed had been stolen and shipped into Michigan, in order to facilitate their re-sale.

On October 28, 2009, **Detric Driver (D-6)**, Muhammad Abdul Salaam (D-3), Abdul Saboor (D-4), and Acie Pusha (D-12) attempted to take possession of pallets of televisions valued at approximately $454,500 that they believed had been stolen and shipped into Michigan, in order to facilitate their concealment and re-sale.

## 2. SENTENCING GUIDELINES

**A. Standard of Proof:** The Court will find sentencing factors by a preponderance of the evidence.

**B. Agreed Guideline Range:** There are no sentencing guideline disputes. The agreed upon guidelines range is **24 to 30 months**, as set forth on the attached worksheets.

If the Court finds:

a) that defendant's criminal history category is higher than reflected on the attached worksheets, or

b) that the offense level should be higher because, after pleading guilty, defendant made any false statement to or withheld information from his probation officer; otherwise demonstrated a lack of acceptance of responsibility for his offense; or obstructed justice or committed any crime,

and if any such finding results in a guideline range higher than **24 to 30 months**, the higher guideline range becomes the agreed range.

However, if the Court finds that defendant is a career offender, an armed career criminal, or a repeat and dangerous sex offender as defined under the sentencing guidelines or other federal law, and that finding is not already reflected in the attached worksheets, this paragraph does *not* authorize a corresponding increase in the agreed range.

Neither party may take a position concerning the applicable guidelines that is different than any position of that party as reflected in the attached worksheets, except as necessary to the Court's determination regarding subsections (a) and (b), above.

3. **SENTENCE:** The Court will impose a sentence pursuant to 18 U.S.C. § 3553, and in doing so must consider the sentencing guideline range.

    **A.** **Imprisonment:** Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agree that a sentence of **time served** is a fair and appropriate sentence in this case.

    **B.** **Supervised Release:** A term of supervised release, if imposed, follows the term of imprisonment. There is no agreement on supervised release. In other words, the Court may impose any term of supervised release up to the statutory maximum term, which in this case is **3 years**. The agreement concerning imprisonment described above in Paragraph 3A does not apply to any term of imprisonment that results from any later revocation of supervised release.

    **C.** **Special Assessment:** Defendant will pay a special assessment of **$100**, and must provide the government with a receipt for the payment before sentence is imposed.

    **D.** **Fine:** The parties agree that the fine will be no more than the maximum guidelines amount of **$100,000.**

    **E.** **Restitution:** Restitution is not applicable to this case.

4.  **Use of Withdrawn Guilty Plea:** If the Court allows defendant to withdraw his guilty plea for a "fair and just reason" pursuant to Fed. R. Crim. P. 11(d)(2)(B), defendant waives his rights under Fed. R. Evid. 410, and the government may use his guilty plea, any statement made under oath at the change-of-plea hearing, and the factual basis statement in this plea agreement, against him in any proceeding.

5.  **OTHER CHARGES:** There are no other charges against Defendant Driver in this case.

6.  **EACH PARTY'S RIGHT TO WITHDRAW FROM THIS AGREEMENT:** The government may withdraw from this agreement if the Court finds the correct guideline range to be different than is determined by Paragraph 2B.

    Defendant may withdraw from this agreement, and may withdraw his guilty plea, if the Court decides to impose a sentence higher than the maximum allowed by Part 3. This is the only reason for which defendant may withdraw from this agreement. The Court shall advise defendant that if he does not withdraw his guilty plea under this circumstance, the Court may impose a sentence greater than the maximum allowed by Part 3.

7.  **WAIVER OF APPEAL:** Defendant waives any right he may have to appeal his conviction. If the sentence imposed does not exceed the maximum allowed by Part 3 of this agreement, defendant also waives any right he may have to appeal his sentence. If the sentence imposed is within the guideline range determined

by Paragraph 2B the government agrees not to appeal the sentence, but retains its right to appeal any sentence below that range.

**8. CONSEQUENCES OF WITHDRAWAL OF GUILTY PLEA OR VACATION OF CONVICTION:** If defendant is allowed to withdraw his guilty plea or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement. If additional charges are filed against defendant within six months after the date the order vacating defendant's conviction or allowing him to withdraw his guilty plea becomes final, which charges relate directly or indirectly to the conduct underlying the guilty plea or to any conduct reflected in the attached worksheets, defendant waives his right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

**9. PARTIES TO PLEA AGREEMENT:** Unless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

**10. SCOPE OF PLEA AGREEMENT:** This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties. This agreement supersedes all other promises, representations, understandings and agreements between the parties concerning the subject matter of this plea agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to

defendant or to the attorney for the defendant at any time before defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

Notwithstanding the previous paragraph, if defendant has entered into a proffer agreement in writing or a cooperation agreement in writing with the government, this plea agreement does not supersede or abrogate the terms of any such prior written agreement. This agreement also does not prevent any civil or administrative actions against defendant, or any forfeiture claim against any property, by the United States or any other party.

## 11. ACCEPTANCE OF AGREEMENT BY DEFENDANT

This plea offer expires unless it has been received, fully signed, in the Office of the United States Attorney by **Friday, 6/24/11**. The government reserves the right to modify or revoke this offer at any time before defendant pleads guilty.

_____
JONATHAN TUKEL
ASSISTANT UNITED STATES ATTORNEY

BARBARA L. MCQUADE
United States Attorney

_____
CYNTHIA OBERG
ASSISTANT UNITED STATES ATTORNEY

_____
KEVIN MULCAHY
ASSISTANT UNITED STATES ATTORNEY

DATE: JUNE 20, 2011

BY SIGNING BELOW, DEFENDANT ACKNOWLEDGES THAT HE HAS READ (OR BEEN READ) THIS ENTIRE DOCUMENT, UNDERSTANDS IT, AND AGREES TO ITS TERMS. HE ALSO ACKNOWLEDGES THAT HE IS SATISFIED WITH HIS ATTORNEY'S ADVICE AND REPRESENTATION. DEFENDANT AGREES THAT HE HAS HAD A FULL AND COMPLETE OPPORTUNITY TO CONFER WITH HIS LAWYER, AND HAS HAD ALL OF HIS QUESTIONS ANSWERED BY HIS LAWYER.

_____
S. ALLEN EARLY
ATTORNEY FOR DEFENDANT

_____
DETRIC LAMONT DRIVER
DEFENDANT

DATE: 6-23-11

| Defendant: | Detric Driver | Count: | 1: conspiracy |
|---|---|---|---|
| Docket No.: | 2:09-cr-20549 | Statute(s): | 18 U.S.C. § 371§ |

# WORKSHEET A (Offense Levels)

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D. However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

## 1. BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS (U.S.S.G. ch. 2)

| Guideline Section | Description | Levels |
|---|---|---|
| 2B1.1(a) | conspiracy to violate ITSP: base offense level | 6 |
| 2B1.1(b)(1)(H) | intended loss: approximately $895,000 | 14 |
| | | |
| | | |
| | | |

## 2. ADJUSTMENTS (U.S.S.G. ch. 3, pts. A, B, C)

| Guideline Section | Description | Levels |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

## 3. ADJUSTED OFFENSE LEVEL

Enter the sum of the offense levels entered in Items 1 and 2. If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

**20**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*If this is the only Worksheet A, check this box and skip Worksheet B.* ✓

*If the defendant has no criminal history, check this box and skip Worksheet C.* ✓

Rev. 8/2010

# WORKSHEET D  (Guideline Range)

1. **(COMBINED) ADJUSTED OFFENSE LEVEL**

    Enter the adjusted offense level entered in Item 3 of Worksheet A or the combined adjusted offense level entered in Item 8 of Worksheet B.

    `20`

2. **ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY (U.S.S.G § 3E1.1)**

    `< 3 >`

3. **TOTAL OFFENSE LEVEL**

    Enter the difference between Items 1 and 2.

    `17`

4. **CRIMINAL HISTORY CATEGORY**

    Enter "I" if the defendant has no criminal history. Otherwise, enter the criminal history category entered in Item 6 of Worksheet C.

    `I`

5. **CAREER OFFENDER/CRIMINAL LIVELIHOOD/ARMED CAREER CRIMINAL/DANGEROUS SEX OFFENDER (U.S.S.G. ch. 4, pt. B)**

    a. Total Offense Level: If the career offender provision (U.S.S.G. § 4B1.1), the criminal livelihood provision (U.S.S.G. § 4B1.3), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a total offense level higher than the total offense level entered in Item 3, enter the higher offense level total.

    b. Criminal History Category: If the career offender provision (U.S.S.G. § 4B1.1), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a criminal history category higher than the criminal history category entered in Item 4, enter the higher criminal history category.

6. **GUIDELINE RANGE FROM SENTENCING TABLE (U.S.S.G. ch. 5, pt. A)**

    Enter the guideline range in the Sentencing Table (see U.S.S.G. ch. 5, pt. A) produced by the total offense level entered in Item 3 or 5.a and the criminal history category entered in Item 4 or 5.b.

    `24 to 30 months`

7. **STATUTORY RESTRICTIONS ON OR SUPERSESSION OF GUIDELINE RANGE**

    If the maximum sentence authorized by statute is below, or a minimum sentence required by statute is above, the guideline range entered in Item 6, enter either the guideline range as restricted by statute or the sentence required by statute. (See U.S.S.G. § 5G1.1.) If the sentence on any count of conviction is required by statute to be consecutive to the sentence on any other count of conviction, explain why.

    `N/A months`

Rev. 8/2010

# WORKSHEET E  (Authorized Guideline Sentences)

1. **PROBATION (U.S.S.G. ch. 5, pt. B)**

    a. Imposition of a Term of Probation  (U.S.S.G. § 5B1.1)

    [✓] 1. Probation is not authorized by the guidelines (minimum of guideline range > 6 months or statute of conviction is a Class A or a Class B felony).  If this box is checked, go to Item 2 (Split Sentence).

    [ ] 2. Probation is authorized by the guidelines (minimum of guideline range = zero months).

    [ ] 3. Probation is authorized by the guidelines, provided the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention satisfying the minimum of the guideline range (minimum of guideline range > 0 months but ≤ 6 months).

    b. Length of Term of Probation  (U.S.S.G. § 5B1.2)

    [ ] 1. At least 1 year but not more than 5 years (total offense level ≥ 6).

    [ ] 2. No more than 3 years (total offense level < 6).

    c. Conditions of Probation  (U.S.S.G. § 5B1.3)

    The court must impose certain conditions of probation and may impose other conditions of probation.

2. **SPLIT SENTENCE (U.S.S.G. § 5C1.1(c)(2), (d)(2))**

    [✓] a. A split sentence is not authorized (minimum of guideline range = 0 months or > 10 months).

    [ ] b. A split sentence is authorized (minimum of guideline range > 0 months but ≤ 10 months). The court may impose a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for imprisonment, provided that at least one-half of the minimum of the guideline range is satisfied by imprisonment (if the minimum of the guideline range is 8, 9, or 10 months), or that at least one month is satisfied by imprisonment (if the minimum of the guideline range is 1, 2, 3, 4, or 6 months). The authorized length of the term of supervised release is set forth below in Item 4.b.

3. **IMPRISONMENT (U.S.S.G. ch. 5, pt. C)**

    A term of imprisonment is authorized by the guidelines if it is within the applicable guideline range (entered in Item 6 of Worksheet D).  (*See* U.S.S.G. § 5C1.1.)

Rev. 8/2010

(WORKSHEET E, p. 2)

## 4. SUPERVISED RELEASE (U.S.S.G. ch 5., pt. D)

    a.    Imposition of a Term of Supervised Release (U.S.S.G. § 5D1.1)

The court must impose a term of supervised release if it imposes a term of imprisonment of more than one year, or if it is required to do so by statute. The court may impose a term of supervised release if it imposes a term of imprisonment of one year or less.

    b.    Length of Term of Supervised Release (U.S.S.G. § 5D1.2)

☐    1.    At least 3 years but not more than 5 years, where the count of conviction is a Class A or a Class B felony, i.e., an offense carrying a maximum term of imprisonment ≥ 25 years.

☑    2.    At least 2 years but not more than 3 years, where the count of conviction is a Class C or a Class D felony, i.e., an offense carrying a maximum term of imprisonment ≥ 5 years but < 25 years.

☐    3.    1 year, where the count of conviction is a Class E felony or a Class A misdemeanor, i.e., an offense carrying a maximum term of imprisonment > 6 months but < 5 years.

☐    4.    The statute of conviction requires a minimum term of supervised release of ___ months.

    c.    Conditions of Supervised Release (U.S.S.G. § 5D1.3)

The court must impose certain conditions of supervised release and may impose other conditions of supervised release.

## 5. RESTITUTION (U.S.S.G. § 5E1.1)

☐    1.    The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664.) The court will determine who the victims are and their restitution amounts.

☐    2.    The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664) The parties agree that full restitution is $___.

☐    3.    The parties agree that the court *may* order restitution to the victim(s) of the offense(s) of conviction in any amount up to and including $___. (*See* 18 U.S.C. §§ 3663(a)(3), 3664.)

☐    4.    The parties agree that the court *may also* order restitution to persons other than the victim(s) of the offense(s) of conviction in any amount up to and including $___. (*See* 18 U.S.C. §§ 3663(a)(1)(A), 3663A(a)(3), 3664.)

☑    5.    Restitution is not applicable.

Rev. 8/2010

(WORKSHEET E, p. 3)

## 6. FINE (U.S.S.G. § 5E1.2)

a. <u>Fines for Individual Defendants</u>

The court must impose a fine unless "the defendant establishes that he [or she] is unable to pay and is not likely to become able to pay any fine." (*See* U.S.S.G. § 5E1.2(a).) Generally, the fine authorized by the guidelines is limited to the range established in the Fine Table. (*See* U.S.S.G. § 5E1.2(b).) However, there are exceptions to this general rule. (*See* U.S.S.G. § 5E1.2(b), (c)(4).)

b. <u>Fine Range from Fine Table</u> (U.S.S.G. § 5E1.2(c)(3))

| **Minimum Fine** | **Maximum Fine** |
|---|---|
| $ 5,000 | $ 50,000 |

## 7. SPECIAL ASSESSMENT(S) (U.S.S.G. § 5E1.3)

The court must impose a special assessment on every count of conviction. The special assessments for individual defendants are

  $100.00 for every count charging a felony ($400 for a corporation)
  $ 25.00 for every count charging a Class A misdemeanor ($125 for a corporation),
  $ 10.00 for every count charging a Class B misdemeanor ($50 for a corporation), and
  $  5.00 for every count charging a Class C misdemeanor or an infraction ($25 for a corporation).

The defendant must pay a special assessment or special assessments in the total amount of $___.

## 8. FORFEITURE (U.S.S.G. § 5E1.4)

[ ] Assets of the defendant will be forfeited.     [✓] Assets of the defendant will not be forfeited.

## 9. ADDITIONAL APPLICABLE GUIDELINES, POLICY STATEMENTS, AND STATUTES

List any additional applicable guideline, policy statement, or statute.

_____

## 10. UPWARD OR DOWNWARD DEPARTURE (U.S.S.G. ch. 5, pts. H & K)

List any applicable aggravating or mitigating circumstance that might support a term of imprisonment above or below the applicable guideline range.

_____
_____
_____

Rev. 8/2010